RECEIVED
IN LAKE CHARLES, LA.

APR 11 2013

TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

TEASHA TAMAR WILLIAMS       :     **DOCKET NO. 2:12-0366**

VS.                        :     **JUDGE TRIMBLE**

UNITED STATES OF AMERICA      :     **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is "Defendant's Motion to Dismiss" ( R. #10) wherein the mover seeks to have the court dismiss plaintiff's claims against it for lack of jurisdiction over the subject matter. The original motion was filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. However, due to plaintiff's complaints in her opposition to the motion, of the absence of discovery in this case and the factual nature of the issues before the court, we issued an order on December 11, 2012 informing the parties that the motion to dismiss would be converted to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. We further directed the parties to submit a summary judgment evidence, a statement of material facts and additional arguments to the motion no later than February 11, 2013.[1]  The original motion to dismiss included exhibits outside the pleadings which also prompted the court to convert the motion.

## FACTUAL STATEMENT

After the landfall of Hurricane Rita in September 2005,[2] plaintiff lived in a travel trailer, park

---

[1] R. #21.

[2] Allegedly, as of June 30, 2006. R. #1 complaint, ¶ 15.

model, mobile home (the "housing unit") which was provided by FEMA.  FEMA is an agency of the United States. On March 3, 2008, plaintiff alleges that while walking down the stairs attached to the housing unit, the middle step bront board broke and pitched her forward, caused her to fall on her back.  Plaintiff alleges she sustained injuries to her cervical spine as a result of a dry rotted, broken stair attached to the housing unit.  Plaintiff further alleges she will prove that FEMA was given notice of the defective stairs prior to the incident.

Plaintiff has sued FEMA for monetary damages under the Federal Tort Claims Act ("FTCA").  Plaintiff maintains that FEMA was negligent by failing to repair the stairs which caused her fall, thus making the United States responsible for her injuries.[3]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[5]   A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[6] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-

---

[3]  R. #1., complaint, ¶ ¶ 20 and 21.

[4]  Fed. R.Civ. P. 56(c).

[5]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[6]  Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

moving party's claim."[7]  Once the movant makes this showing, the burden shifts to the non-moving

party to set forth specific facts showing that there is a genuine issue for trial.[8]  The burden requires

more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must

demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material

fact or law.[9]  There is no genuine issue of material fact if, viewing the evidence in the light most

favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[10]

If the evidence is merely colorable, or is not significantly probative, summary judgment may be

granted."[11]

## LAW AND ANALYSIS

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the

statutory or constitutional power to adjudicate the case."[12]  A motion to dismiss for lack of

jurisdiction may be decided by the district court on one of three bases: (1) the complaint alone; (2)

the complaint supplemented by undisputed facts evidenced in the record; or, (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts.[13]  A court may look

beyond the pleadings to affidavits and exhibits to determine whether it has jurisdiction over a

---

[7] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[8] Anderson, 477 U.S.  at 249.

[9] Celotex Corp. v.  Catrett, 477 U.S. 317, 324 (1986).

[10] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[11] Anderson, 477 U.S. at 249-50.

[12] Home Builders Ass'n of Miss. Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

[13] Robison v. TCI/US West Communications, Inc, 117 F.3d 900, 904 (5th Cir. 1997).

3

dispute.[14] In determining subject matter jurisdiction, the court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case."[15]

FEMA is authorized to provide housing assistance to individuals and households in affected areas who are either displaced from their primary residences or whose primary residences are rendered uninhabitable.[16]  As a result of Hurricane Rita, FEMA provided plaintiff with a travel trailer.  FEMA has submitted summary judgment evidence that it contracted with American Radiation Services, Inc. ("ARS") to perform routine and emergency maintenance for Temporary Housing Units such as the housing unit used by plaintiff.[17]  FEMA maintains that ARS is an independent contractor.

The United States is immune from suit unless it consents to be sued.[18]  The FTCA[19] waives the United States' sovereign immunity for personal injury or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."[20] The FTCA defines "employee of the Government" to include officers and employees of "any federal agency," but specifically excludes "contractors."[21] Liability of the United

---

[14]  Williamson, 645 F.2d at 413.

[15]   Krim v. PCOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005).

[16]  42 U.S.C. § 5174(b).

[17]  Defendant's exhibit A, Jules Shabazz affidavit, R. #10, ¶ ¶ 3 and 4.

[18]  United States v. Testan, 424 U.S. 392, 399 (1976).

[19]  28 U.S.C. § § 2671-2680 and 1346(b)(1).

[20]  28 U.S.C. § 1346(b)(1).

[21]  28 U.S.C.A. § 2671.

States cannot be premised upon the negligent acts or omissions of contractors.[22]  Significantly, in a FTCA action, if the acts or omissions complained of were not committed by an "employee of the Government," but rather by an independent contractor, then the court must dismiss for lack of subject matter jurisdiction.[23]  Thus, plaintiff must show that ARS was acting as an "employee of the Government" in order for the United States to be held liable.

The courts have adopted the principles of agency law which analysis determines whether the United States had sufficient authority over the "detailed physical performance of the contractor" to the extent that it transforms the relationship from a contractual one to one of agency.[24]  "[A] party under contract with the government becomes an agency of the United States within the meaning of the FTCA only if the United States supervises day-to-day operations of the party."[25]

Defendant maintains that plaintiff's claim is jurisdictionally barred by the FTCA which exempts the United States from liability for the actions of contractors.[26]  Plaintiff maintains that there is genuine issue of material fact as to whether ARS is an independent contractor. Plaintiff argues that the persons involved in providing and maintaining the stairs attached to her housing unit were agents, servants, and/or employees of FEMA.  Thus, she contends that the instant matter clearly falls within the Court's subject matter jurisdiction under the FTCA. Plaintiff further maintains that

---

[22] United States v. Orleans, 425 U.S. 807, 814 (1976); Logue v. United States, 412 U.S. 521, 526 (1973).

[23] See Broussard v. United States, 989 F.2d 171, 177 (5th Cir. 1993).

[24] Logue, 412 U.S. at 521.

[25] Alexander v. United States, 605 F.2d 828, 833 (5th Cir. 1979).

[26] 28 U.S.C. § 2671.

5

FEMA was negligent. Plaintiff alleges in her complaint that prior to her fall, she warned FEMA of the defective stairs.

After plaintiff's opposition was filed and considering her arguments that the motion to dismiss should be converted to a motion for summary judgment, the court granted the parties additional time for the discovery process and ordered the parties to then submit their summary judgment evidence, a statement of material facts and supplemental memoranda. Plaintiff filed a supplemental memorandum, but did not file a statement of material facts. Plaintiff's summary judgment evidence includes "Plaintiff's First Set of Requests for Production of Documents to Defendants",[27] "Defendant's Responses to Plaintiff's First Set of Requests for Production of Documents" [28] and an email string about the broken step.[29]

The question we must answer is whether or not this summary judgment evidence creates a genuine issue of fact for trial as to whether ARS is an independent contractor versus an agent of the United States, and whether or not FEMA was negligent. The summary judgment evidence does not create a genuine issue of material fact as to whether or not ARS is an agent of the United States, and/or whether or not FEMA was negligent. In her supplemental opposition memorandum to the converted motion for summary judgment, plaintiff complains that defendant refused to provide Williams with much of the documents and information sought in her discovery requests. Plaintiff remarks that in response to her inquiry as to FEMA's control over ARS, FEMA submitted only the contract between FEMA and ARS which details the duties and responsibilities between FEMA and

---

[27] R. #25-1.

[28] R. #25-2.

[29] R. #25-3.

ARS. FEMA argues that the contract clearly establishes that ARS was contracted to perform routine and emergency maintenance for the housing units which includes performing monthly preventative maintenance inspections, responding to routine and emergency maintenance calls and making repairs.[30]  Consequently, it was ARS's responsibility to maintain, repair and inspect the travel trailers.[31] FEMA argues that under the contract its role was to monitor the implementation of the contract and provide technical direction to ARS.

Plaintiff argues that defendant's discovery responses refute the defendant's contention that it did not exercise control over ARS's performance under the contract. Plaintiff refers to the string email submitted by plaintiff.  The string emails do not establish any type of control by FEMA as to ARS, thus we find the string e-mails inadequate to create a genuine issue of material fact for trial.

The court notes that even though plaintiff complains of FEMA's response to her discovery requests, the record does not indicate that she filed a motion compel.  Plaintiff's complaints as to FEMA's lack of response is not an adequate response to a motion for summary judgment.[32] The court finds that plaintiff has failed to submit proper summary judgment evidence to create a genuine issue of material fact for trial as to whether or not ARS is an agent/employee of the United States.

Finally, plaintiff alleges in her complaint that FEMA was negligent because she notified FEMA of the defective stairs before her fall.  Plaintiff has submitted no factual summary judgment

---

[30]  Defendant's exhibit A, Jules Shabazz affidavit, R. #10, ¶ ¶ 3 and 4.

[31]  Defendant's exhibit A, See Attachment A of the Contract (Performance Work Statement), § 1.3.1, R. #10-3.

[32]  The court further notes that FEMA informs the court that plaintiff failed to notify it of her complaints with respect to its discovery requests until plaintiff filed her supplemental opposition to the converted motion for summary judgment.

7

evidence (affidavits, depositions) to support this assertion. Plaintiff also contends that FEMA was negligent in monitoring ARS's performance for quality and timeliness. However, plaintiff has failed to submit factual summary judgment evidence to support this allegation. Pointing out a party's responsibilities and duties under a contract does not in and of itself establish that the party was negligent in performing said responsibilities and duties. Accordingly, we find that plaintiff has failed to submit summary judgment evidence to create a genuine issue of material fact for trial as to plaintiff's claims of negligence.

## CONCLUSION

Based on the foregoing, the motion to dismiss, converted to a motion for summary judgment will be granted dismissing with prejudice plaintiff's claims against defendant, the United States.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 11th day of April, 2013.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE